IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| THE NOCO COMPANY, | CASE NO. 1:20-CV-01171-PAB |
| Plaintiff, | JUDGE PAMELA A. BARKER |
| v. | **Jury Demand Endorsed Hereon** |
| SHENZHEN GOOLOO E-COMMERCE CO., LTD., | |
| Defendant. | |

**DEFENDANT SHENZHEN GOOLOO'S ANSWER
AND COUNTERCLAIMS TO NOCO'S COMPLAINT**

Defendant Shenzhen Gooloo E-Commerce Co., Ltd. ("GOOLOO") answers Plaintiff The NOCO Company's ("NOCO") Complaint by denying each and every allegation against it unless specifically admitted or controverted below:

**ANSWER TO "NATURE OF THE ACTION"**

1. GOOLOO admits that NOCO purports to bring claims against GOOLOO for patent infringement under 35 U.S.C. § 101, et seq., but denies the validity of NOCO's claims and denies any liability to NOCO. GOOLOO denies all other allegations in Paragraph 1.

**ANSWER TO "PARTIES"**

2. GOOLOO lacks sufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 2, and so denies them.

3. GOOLOO admits that it is a company organized under the laws of China and that it is headquartered in China. GOOLOO admits that the other companies listed in Paragraph 3 are

separate corporate entities. GOOLOO denies all remaining allegations in Paragraph 3, and so denies them.

4. GOOLOO admits that it sells vehicle jump starters through its online store accessible through www.amazon.com. GOOLOO denies all remaining allegations of Paragraph 4.

5. GOOLOO admits that it sells vehicle jump starters through its online store accessible through www.amazon.com under the "GOOLOO" brand. GOOLOO denies all remaining allegations of Paragraph 5.

## ANSWER TO "Jurisdiction and Venue"

6. Paragraph 6 consists of statements of law to which no response is required. To the extent Paragraph 6 includes factual allegations regarding GOOLOO's conduct, GOOLOO denies them. Solely for the purposes of this action, GOOLOO does not dispute that the Court has subject matter jurisdiction over the claims against GOOLOO in NOCO's Complaint.

7. Paragraph 7 includes statements of law to which no response is required. To the extent Paragraph 7 includes factual allegations regarding GOOLOO's conduct, GOOLOO admits that it sells vehicle jump starters to customers in the United States through its online store accessible through www.amazon.com, and that some of those products may have been sold or shipped to customers within the State of Ohio and this Court's jurisdiction. For the purposes of this action only, GOOLOO does not dispute that the Court has personal jurisdiction over GOOLOO.

8. Paragraph 8 consists of statements of law to which no response is required. GOOLOO denies the factual allegations in Paragraph 8. For the purposes of this action only, GOOLOO does not dispute that venue is proper in this Court.

## ANSWER TO "Background"

9. Paragraph 9 is not directed towards GOOLOO or its actions. GOOLOO lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 9, and so denies them.

10. Paragraph 10 is not directed towards GOOLOO or its actions. GOOLOO admits that vehicles unable to start because of low or depleted batteries have for many decades been started by using so-called "jumper cables" to connect the low or depleted vehicle battery to a separate power source. GOOLOO further admits that portable jump-starters — which also use insulated cables to connect the connect a low or depleted vehicle battery to a separate power source —have been widely available to and used by consumers for decades. GOOLOO further admits that safety concerns exist when jump-starting a vehicle, as when connecting any two power sources, but notes that safety features to address the specific problem cited by NOCO in Paragraph 10 (a reversed connection between the two power sources) have been known in the art for decades. GOOLOO denies the remaining allegations of Paragraph 10.

11. Paragraph 11 is not directed towards GOOLOO or its actions. GOLOO admits that there have been many improvements to jump-starters and to the process of jump-starting vehicles since the invention of the automobile. GOOLOO denies that most such improvements did not solve safety problems or achieve significant popularity. GOOLOO lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 11, and so denies them.

12. Paragraph 12 is not directed towards GOOLOO or its actions. GOOLOO admits that the availability of and advances in lithium-ion and lithium-polymer battery technology have

greatly reduced the weight and increased the convenience of portable jump-starters. GOOLOO denies the premise underlying Paragraph 12 that portable jump-starters did not exist or were not widely used by consumers before lithium-ion and lithium-polymer battery technology became widely available. GOOLOO denies the remaining allegations of Paragraph 12.

13. Paragraph 13 is not directed towards GOOLOO or its actions. GOOLOO lacks sufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 13, and so denies them.

14. Paragraph 14 is not directed towards GOOLOO or its actions. GOOLOO admits that NOCO sells multiple models of portable jump-starters. GOOLOO lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 14, and so denies them.

15. Paragraph 15 is not directed towards GOOLOO or its actions. GOOLOO admits that NOCO sells multiple models of portable jump-starters. GOOLOO lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 14, and so denies them.

**ANSWER TO NOCO'S U.S. PATENT NO. 9,007,015**

16. Paragraph 16 is not directed towards GOOLOO or its actions. GOOLOO admits that the document attached to NOCO's Complaint as Exhibit 1 purports to be a copy of United States Patent No. 9,007,015. GOOLOO further admits that the face of Exhibit 1 lists an application filing date of July 8, 2014, and further lists the Applicant and the Assignee as "The NOCO Company."  GOOLOO expressly denies that U.S. Patent No. 9,007,015 was duly and legally issued. GOOLOO denies all remaining allegations of Paragraph 16.

17. Paragraph 17 is not directed towards GOOLOO or its actions. GOOLOO admits that the text of Exhibit 1 to the Complaint speaks for itself, and further admits that the nature and scope of the disclosure in the specification of U.S. Patent No. 9,007,015 and the meaning and scope of the patent's claims are mixed matters of fact and law to be determined by the Court in this litigation. GOOLOO denies all remaining allegations of Paragraph 17.

## ANSWER TO "Defendant's Infringing Conduct"

18. GOOLOO repeats and restates each response to Paragraphs 1-17 as if fully set forth herein.

19. Paragraph 19 is not directed towards GOOLOO or its actions. GOOLOO admits that the text of Exhibit 1 to the Complaint (U.S. Patent No. 9,007,015) at col. 8, ll. 4-37 reads as recited in Paragraph 19. GOOLOO notes that the meaning and scope of this language is a mixed matter of law and fact to be determined by the Court in this litigation. GOOLOO denies all remaining allegations of Paragraph 19.

20. Paragraph 20 contains legal assertions to which no response is required. To the extent a response is required, GOOLOO denies the allegations of Paragraph 20, and further denies infringing any valid or enforceable claim of the patent-in-suit.

21. Paragraph 21 contains legal assertions to which no response is required. To the extent a response is required, GOOLOO denies the allegations of Paragraph 21, and further denies infringing any valid or enforceable claim of the patent-in-suit.

22. Paragraph 22 contains legal assertions to which no response is required. To the extent a response is required, GOOLOO admits that its accused jump-starter products include a battery. GOOLOO further admits that Paragraph 22 recites language from claim 1 of the patent-

in-suit —not yet interpreted by the Court — and purports to seek admissions regarding whether the accused GOOLOO products satisfy the recited claim limitation. At least because the Court has not construed this claim language, some of which is technical, it would be impossible to provide an informed response to Paragraph 22, other than to say that GOOLOO denies infringing claim 1 or any valid or enforceable claim of the patent-in-suit. GOOLOO denies all remaining allegations of Paragraph 22.

23. Paragraph 23 contains legal assertions to which no response is required. To the extent a response is required, GOOLOO admits that its accused jump-starter products include cables capable of connecting to the terminals of a vehicle battery. GOOLOO further admits that Paragraph 23 recites language from claim 1 of the patent-in-suit — not yet interpreted by the Court — and purports to seek admissions regarding whether the accused GOOLOO products satisfy the recited claim limitation. At least because the Court has not construed this claim language, some of which is technical, it would be impossible to provide an informed response to Paragraph 23, other than to say that GOOLOO denies infringing claim 1 or any valid or enforceable claim of the patent-in-suit. GOOLOO denies all remaining allegations of Paragraph 23.

24. Paragraph 24 contains legal assertions to which no response is required. To the extent a response is required, GOOLOO admits that Paragraph 24 recites language from claim 1 of the patent-in-suit — not yet interpreted by the Court — and purports to seek admissions regarding whether or not the accused GOOLOO products satisfy the recited claim limitation. At least because the Court has not construed this claim language, some of which is technical, it would be impossible to provide an informed response to Paragraph 24, other than to say that GOOLOO

denies infringing claim 1 or any valid or enforceable claim of the patent-in-suit. GOOLOO denies all remaining allegations of Paragraph 24.

25. Paragraph 25 contains legal assertions to which no response is required. To the extent a response is required, GOOLOO admits that Paragraph 25 recites language from claim 1 of the patent-in-suit — not yet interpreted by the Court — and purports to seek admissions regarding whether or not the accused GOOLOO products satisfy the recited claim limitation. At least because the Court has not construed this claim language, some of which is technical, it would be impossible to provide an informed response to Paragraph 25, other than to say that GOOLOO denies infringing claim 1 or any valid or enforceable claim of the patent-in-suit. GOOLOO denies all remaining allegations of Paragraph 25.

26. Paragraph 26 contains legal assertions to which no response is required. To the extent a response is required, GOOLOO admits that its accused jump-starter products include a power switch capable of turning the product on and off. GOOLOO further admits that Paragraph 25 recites language from claim 1 of the patent-in-suit — not yet interpreted by the Court — and purports to seek admissions regarding whether the accused GOOLOO products satisfy the recited claim limitation. At least because the Court has not construed this claim language, some of which is technical, it would be impossible to provide an informed response to Paragraph 26, other than to say that GOOLOO denies infringing claim 1 or any valid or enforceable claim of the patent-in-suit. GOOLOO denies all remaining allegations of Paragraph 26.

27. Paragraph 27 contains legal assertions to which no response is required. To the extent a response is required, GOOLOO admits that its accused jump-starter products include a microcontroller. GOOLOO further admits that Paragraph 27 recites language from claim 1 of the

patent-in-suit — not yet interpreted by the Court — and purports to seek admissions regarding whether the accused GOOLOO products satisfy the recited claim limitation. At least because the Court has not construed this claim language, some of which is technical, it would be impossible to provide an informed response to Paragraph 27, other than to say that GOOLOO denies infringing claim 1 or any valid or enforceable claim of the patent-in-suit. GOOLOO denies all remaining allegations of Paragraph 27.

28. GOOLOO admits that the documents attached as Exhibit 2 to the Complaint speak for themselves. GOOLOO denies infringing any valid or enforceable claim of the patent-in-suit. GOOLOO denies all remaining allegations of Paragraph 28.

### ANSWER TO "Claim for Relief – Infringement . . ."

29. GOOLOO repeats and restates each response to Paragraphs 1-28 as if fully set forth herein.

30. Denied.

31. GOOLOO lacks sufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 31, and so denies them.

32. Denied.

33. Denied.

34. Denied.

### ANSWER TO PRAYER FOR RELIEF

GOOLOO specifically controverts the requests set forth in Paragraphs (A) through (D) in the section of the Complaint in which NOCO prays for judgment and relief and denies that NOCO

is entitled to any relief whatsoever. GOOLOO respectfully requests judgment dismissing all claims and against NOCO in all respects.

## AFFIRMATIVE DEFENSES

1. GOOLOO has not engaged in the conduct alleged in the Complaint.

2. The Complaint fails to state a claim upon which relief can be granted.

3. NOCO's requested relief is barred in whole or in part under principles of equity, including without limitation the doctrines of estoppel, laches, waiver, and unclean hands.

4. NOCO is not entitled to any injunctive relief at least because it has suffered no irreparable injury and has adequate remedies at law.

5. The asserted claims of NOCO's patent-in-suit are invalid under one of more of the grounds for invalidity listed in the Patent Statute, 35 U.S.C. §§ 101, et. seq.

6. The asserted claims of NOCO's patent-in-suit are unenforceable due to NOCO's inequitable conduct before the U.S. Patent and Trademark Office, as detailed in GOOLOO's counterclaims below (incorporated herein by reference).

7. GOOLOO reserves the right to assert additional defenses, including those listed in Fed. R. Civ. P. 8(c), which may be learned during discovery and further factual investigation.

## COUNTERCLAIMS

1. Defendant Gooloo E-Commerce Co., Ltd. ("GOOLOO") files its Counterclaims against Plaintiff as follows:

2. GOOLOO incorporates by reference herein its Answer to NOCO's Complaint.

## THE PARTIES

3. Counterclaimant Shenzhen Gooloo E-Commerce Co., Ltd. ("GOOLOO") is a limited liability company organized and existing under the laws of the People's Republic of China with a principal place of business located at Room 303, Bantian Business Center, Bantian Wuhe Road, Longgang District, Shenzhen, Guangdong China 518129.

4. Upon information and belief, Counterclaim Defendant The NOCO Company, Inc. ("NOCO") is a corporation organized and existing under the laws of the State of Ohio with its principal place of business at 30339 Diamond Pkwy #102, Glenwillow, Ohio 44139.

## JURISDICTION AND VENUE

5. These Counterclaims arise under the laws of the United States, particularly the Patent Statute, as amended (35 U.S.C. §§ 101, et seq.) and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. This Court has subject matter jurisdiction over the Counterclaims pursuant to 28 U.S.C. §§ 1332, 1367, 2201, and 2202.

6. This Court has personal jurisdiction over NOCO, and venue is proper in this judicial district under 28 U.S.C. §1391(b) because NOCO has its principal place of business within this judicial district and has invoked the jurisdiction of this court by filing its Complaint.

## FACTUAL BACKGROUND

7. According to the information listed on its face, U.S. Patent No. 9,007,015 "Portable Vehicle Battery Jump Start Apparatus with Safety Protection" ("the '015 Patent") issued on April 14, 2015. Upon information and belief, as stated on the document, the '015 Patent was based on U.S. Patent Application No. 14/325,938, filed by the NOCO Company on July 8, 2014, which was

a continuation of application No. PCT/US2014/045,434 filed on July 3, 2014, and is assigned to The NOCO Company. A copy of the '015 patent is attached hereto as **Exhibit 1**.

8. The named inventors listed on the '015 Patent include Jonathan L. Nook, William K. Nook, and others associated with The NOCO Company.

9. On May 14, 2020, the Shenzhen Carku Technology Co., Ltd. ("Carku") filed a Petition for *Inter Partes* Review of the '015 patent, which remains pending before the Patent Trial and Appeals Board of the U.S. Patent & Trademark Office ("PTO") as IPR2020-00944.

10. An intentional concealment of prior art that is material to the patentability of the inventions claimed in a patent, an affirmative misrepresentation of a material fact, and/or the submission of false material information with an intent to deceive the PTO constitutes inequitable conduct before the PTO.

11. The '015 Patent is unenforceable because one or more persons involved in the prosecution of the '015 Patent deliberately withheld one or more material prior art references from the PTO and made material misrepresentations to the PTO during the prosecution of '015 Patent. The single most reasonable inference that the Court can draw from each of these acts is that the deliberate withholding of these material prior art references and the material misrepresentations were done with specific intent to deceive the PTO.

12. Upon information and belief, NOCO and the named inventors on the '015 Patent were well aware of prior art products and product literature that disclosed many if not all of the elements of the claims of the '015 Patent, including elements that the inventors argued to the PTO during prosecution were not present in the prior art. In short, the applicants withheld material prior art and mischaracterized (or did not fully disclose) the scope of the prior art the PTO cited.

13. For example, Carku began offering for sale portable jump-starter products with lithium-ion batteries at least as early as 2013. Indeed, Carku featured such products and literature at the Canton Fair in China in April-May 2014 (one of the largest consumer electronics trade shows in the world), which NOCO and many other industry participants attended.

14. Upon information and belief, based on the products that Carku showcased in 2013, NOCO requested additional information and demonstrations from Carku for purposes of evaluating whether Carku could supply or private label such a product. As detailed below and as GOOLOO expects the facts will prove, NOCO evaluated the Carku product and then decided to manufacture its own version and to apply for the '015 Patent without informing the PTO about Carku's prior art products and disclosures to NOCO.

15. Carku also began offering its portable jump starters for sale through Amazon.com in 2013. A Carku E-Power jump starter product identified as "2013 Newest EPOWER Multi-Function Jump Starter 12V Car 13200mAh Portable Battery Power for Car Laptop and Mobile Phone," which was later designated Carku's "E-Power-01" product, was available for sale on Amazon.com starting on November 12, 2013. Attached hereto as **Exhibit 2** is a true and correct copy of Exhibit O attached to the Declaration of Yingchun Wan (the "Wan Declaration") filed in support of IPR2020-00944 — filed by Carku and now pending before the PTAB.

16. On information and belief, on or about December 22, 2013, Ms. Wan, then Sales Manager for Carku, sent Jonathan Nook (President of the NOCO Company and a named inventor on the '015 Patent) a catalog of Carku products by email. As detailed in the Wan Declaration and attached hereto as **Exhibit 3**, Ms. Wan sent Mr. Nook a quotation for two samples of the Carku E-Power-01-elite product on or about December 23, 2013.

12

17. On further information and belief, on January 9, 2014, Ms. Linda Szymanski, then Procurement and Inventory Manager at NOCO, made the requested payment and Ms. Wan shipped to NOCO two samples of Carku's E-Power-01-elite product via FedEx on January 10, 2014.

18. On information and belief, on January 9, 2014, Ms. Wan shared two testing reports with Mr. Nook relating to the Carku E-Power-01-elite product, which described Carku's smart jumper cable and E-Power product lines. On further information and belief, on January 16, 2014, Ms. Wan met with at least two of the named inventors of the '015 Patent, including Mr. Nook, and demonstrated the Carku E-Power-01-elite jump starter and Carku's smart jumper cable products.

19. On information and belief, on or about January 17, 2014, Mr. Nook (via email) expressed NOCO's interest in Carku's smart cable and smart circuits contained therein, and subsequently requested Carku to ship samples of Carku's smart cable to NOCO's engineers. On further information and belief, on or about January 22, 2014, Mr. Nook again requested that Carku ship samples of Carku's smart jumper cable to NOCO's engineers.

20. Upon information and belief, Ms. Wan responded to Mr. Nook stating that she would send those samples to NOCO after Carku and NOCO signed a collaboration or joint development agreement. However, neither Mr. Nook nor anyone on behalf of NOCO ever signed such an agreement with Carku, nor did NOCO ever agree to treat Carku's catalog, sample products, brochures, or other technical information confidentially or not to disclose any of the information, catalogs, samples, or technical information Carku had shared with Mr. Nook or NOCO.

21. Through sending emails with the Carku product catalog and Carku product brochures to Mr. Nook and others in the industry, sending samples of the Carku product to NOCO, and by demonstrating the Carku product to NOCO in person, Carku made that information publicly

available, including publicly available to Mr. Nook and to The NOCO Company.

22. Carku E-Power products were publicly available and/or on sale in the United States through Amazon.com as early as November 12, 2013.

23. NOCO was aware of the Carku E-Power products at least as early as December 22, 2013, when Ms. Wan sent Mr. Nook a catalog of Carku products by email (well before the '015 Patent application's filing date of July 3, 2014).

24. On information and belief, Carku also displayed, promoted, used and offered for sale its E-Power 21 jump-starters at the 115th China Import and Export Fair held in Guangzhou, China from April 15-May 5, 2014 (the "2014 Canton Fair"). On further information and belief, the E-Power-21 included the full suite of Carku's patented safety procedures — including reverse polarity protection and safety features to protect the internal battery. This display, promotion and offer for sale of the E-Power-21 at a major industry trade fair with almost 120,000 attendees happened before NOCO filed its priority application on July 3, 2014.

25. Thus, NOCO, including at least two inventors of the '015 Patent, was well aware of the existence of the Carku E-Power products prior to the effective filing date of the '015 Patent.

26. During prosecution of the '015 Patent, at least two of claimed inventors of the '015 Patent (including Mr. Nook), NOCO, and their counsel, knew or should have known that all patent applicants and their counsel are under a duty to act with good faith and candor before the PTO and are required by 37 C.F.R. § 1.56 to disclose material information to the PTO.

27. The attorneys and agents who prosecuted the '015 Patent on behalf of the inventors of the '015 Patent (including Mr. Nook) and NOCO were registered patent attorneys who knew or should have known of their duty of good faith and candor before the PTO and the requirements

14

of 37 C.F.R. § 1.56 to disclose material information to the PTO.

28. On information and belief, a purported point of novelty of the '015 Patent – that the vehicle battery isolation sensor is separate from the reverse polarity sensor and the microcontroller receives distinct signals from the two sensors and closes the power switch only when the sensors indicate both that the vehicle battery is present and the vehicle battery has been connected with a correct polarity – was present in Carku E-Power products prior to the effective filing date of the '015 Patent. This was also disclosed to at least inventor Nook prior to the effective filing date of the '015 Patent, through for example, the Carku brochures, Carku catalogs, the various email correspondences between Mr. Nook and Ms. Wan, and the demonstration Ms. Wan provided to NOCO of the Carku E-Power products.

29. Furthermore, while many of the dependent claims of the '015 Patent cover features such as a USB port for charging USB-chargeable devices, a flashlight, a visual alarm indicating an emergency situation, or visual indicators on the internal power supply capacity (*see, e.g.*, '015 Patent Claims 10, 12, 14, and 15), upon information and belief, all of these aforementioned features were present in the Carku E-Power products and disclosed to at least Mr. Nook prior to the effective filing date of the '015 Patent.

30. None of the inventors of the '015 Patent (including Mr. Nook), NOCO, or any of the prosecuting counsel submitted the Carku E-Power prior art products or the Carku prior art catalog or brochure to the United States Patent and Trademark Office during prosecution of the '015 Patent. Such brochure and catalog were likely the closest information Mr. Nook, one of the inventors listed on the '015 Patent, knew applied to several pending claims.

31. The Carku E-Power products were made publicly available and were sold or

offered for sale before the effective filing date of the '015 Patent. Therefore, the Carku E-Power products constitute material prior art, the disclosure of which would have led the PTO to not allow one or more claims of the '015 Patent.

32. On May 28, 2020, NOCO filed the instant case alleging that GOOLOO has infringed NOCO's U.S. Patent No. 9,007,015 ("the '015 patent") by selling certain jump-starter products manufactured by Carku through Amazon.com. NOCO filed that patent infringement suit in bad faith, as an anti-competitive tactic and an unfair trade practice, despite knowing that its '015 Patent is invalid over the prior art and/or unenforceable due to its inequitable conduct before the PTO.

**COUNT 1: Declaratory Judgment of Invalidity of the '015 Patent**

33. GOOLOO incorporates by reference its Answer to NOCO's Complaint, and Paragraphs 1-32 of its Counterclaims.

34. One or more claims of the '015 Patent is invalid for failing to meet one or more of the requirements for validity under Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101–103 and/or 112.

35. An actual case or controversy exists between the parties regarding the validity of the claims of the '015 Patent in light of the paragraphs above and NOCO's Complaint.

36. Based on the foregoing, GOOLOO is entitled to a judicial declaration that the claims of the '015 Patent are invalid.

**COUNT 2: Declaratory Judgment of Noninfringement of the '015 Patent**

37. GOOLOO incorporates by reference its Answer to NOCO's Complaint, and Paragraphs 1-36 of its Counterclaims.

38. GOOLOO does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any claim of the '015 Patent under any theory, including literal infringement and infringement under the doctrine of equivalents.

39. An actual case or controversy exists between the parties regarding the infringement of the claims of the '015 Patent in light of the paragraphs above and NOCO's Complaint.

40. Based on the foregoing, GOOLOO is entitled to a judicial declaration that it does not infringe the '015 Patent.

### COUNT 3: Declaratory Judgment of Unenforceability of the '015 Patent

41. GOOLOO incorporates by reference its Answer to NOCO's Complaint, and Paragraphs 1-40 of its Counterclaims.

42. The claims of the '015 Patent are unenforceable under the patent laws as a result of NOCO's inequitable conduct by deliberately withholding one or more material prior art references from the PTO, and material misrepresentations to the PTO during the prosecution of '015 Patent, as described in detail above.

43. An actual case or controversy exists between the parties regarding the enforceability of the claims of the '015 Patent in light of the paragraphs above and NOCO's Complaint.

44. Based on the foregoing, GOOLOO is entitled to a judicial declaration that the '015 patent is unenforceable.

### REQUESTED RELIEF ON COUNTERCLAIMS

GOOLOO respectfully requests this Court:

A. Declare that all claims of the '015 Patent are invalid;

B. Declare that GOOLOO does not infringe any claim of the '015 Patent;

C. Declare that all claims of the '015 patent are unenforceable;

D. Declare this case to be "exceptional" under 35 U.S.C. § 285 and award GOOLOO its reasonable attorneys' fees and costs, in an amount to be determined; and

E. Award GOOLOO any further relief this Court deems just and proper.

## JURY TRIAL DEMANDED

Respectfully submitted,

/s/ *Jay R. Campbell*
Jay R. Campbell (0041293)
David A. Bernstein (0093955)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
Telephone: 216.592.5000
Facsimile: 216.592.5009
E-mail: jay.campbell@tuckerellis.com
david.bernstein@tuckerellis.com

*Attorneys for Defendant Shenzhen Gooloo E-Commerce Co., Ltd.*

## **JURY DEMAND**

Defendant Shenzhen Gooloo E-Commerce Co., Ltd. hereby demands a trial by jury for all issues so triable.

Respectfully submitted,

/s/ *Jay R. Campbell*
Jay R. Campbell (0041293)
David A. Bernstein (0093955)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
Telephone: 216.592.5000
Facsimile: 216.592.5009
E-mail: jay.campbell@tuckerellis.com
david.bernstein@tuckerellis.com

*Attorneys for Defendant Shenzhen Gooloo E-Commerce Co., Ltd..*

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2020 a copy of the foregoing Answer and Counterclaims was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Respectfully submitted,

*/s/ Jay R. Campbell*
Jay R. Campbell (0041293)

*Attorneys for Defendant Shenzhen Gooloo E-Commerce Co., Ltd.*